## IN THE CIRCUIT COURT OF
## NEW MADRID COUNTY, MISSOURI

| | |
|---|---|
| CHRSTOPHER COLLINS, | ) |
| 723 Taylor | ) |
| Sikeston, MO 63801, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| AGRIUM U.S., INC., | ) |
| 5296 Harvest Lake Dr.. | ) |
| Loveland, CO 80538 | ) |
| | ) |
| Serve: CT Corporation System | ) |
|     Registered Agent | ) |
|     120 South Central Ave. | ) |
|     Clayton, MO 63105 | ) |
| | ) |
| Defendants. | ) |

**PETITION FOR DAMAGES FOR RACIAL DISCRIMINATION, RETALIATION, ATTORNEY FEES, COSTS, PUNITIVE DAMAGES AND OTHER RELIEF UNDER THE MISSOURI HUMAN RIGHTS ACT**

Plaintiff, Christopher Collins, by and through counsel, The Clubb Law Firm, LLC states for his cause of action:

**PARTIES**

1.  Plaintiff, Christopher Collins (hereinafter "Mr. Collins"), is a natural male person who resides at 723 Taylor, Sikeston, Scott County, Missouri 63801.

2.  Defendant Agrium U.S., Inc., (hereinafter "Defendant) is a corporation registered to do business in the State of Missouri with its principal place of business at 5296 Harvest Lake, Loveland, Colorado 80538, doing business in New Madrid, Missouri.

1

## JURISDICTION AND VENUE

3. On September 16, 2019, Mr. Collins filed a complaint alleging violations of the Missouri Human Rights Act with the Missouri Commission on Human Rights (hereinafter "MCHR").

4. The complaint was filed within 180 days of the last act of discrimination.

5. The complaint named Defendant as the perpetrator of discriminatory conduct.

6. On March 26, 2021, the MCHR issued a Notice of Right to Sue to Mr. Collins.

7. Mr. Collins has filed this action within ninety days of the issuance of the Notice of Right to Sue from the MCHR, thereby fulfilling all jurisdictional prerequisites.

8. This Court has jurisdiction to hear this matter pursuant to Chapter 213 of the Revised Statutes of Missouri, known as the Missouri Human Rights Act (hereinafter "MHRA").

9. This Court has jurisdiction to hear this matter because the conduct complained of took place in New Madrid County, Missouri and because the amount of money in controversy exceeds $25,000.00.

## FACTS COMMON TO ALL COUNTS

10. Mr. Collins hereby incorporates each and every previous allegation of this petition.

11. Mr. Collins is a 52-year-old Black man who was hired by Defendant as a loader in September 2010.

12.  Mr. Collins worked for Defendant from September of 2010 through August 13, 2019.

13.  Mr. Collins is a member of a category of persons protected from racial discrimination under the MHRA, Section 213.010(5), RSMo and 8 CSR 60-3.070.

14.  Defendant is an employer as defined by the MHRA.

15.  Beginning in approximately February 2015, Defendant began treating Mr. Collins differently because of his race.

16.  Beginning in approximately February 2015, Defendant and its agents, including Mr. Collins' supervisor at the time, Eric Chapman, were verbally hostile and aggressive to Mr. Collins.

17.  Beginning in approximately February 2015, Defendant gave Mr. Collins worse, and less desirable, working hours and negative performance evaluations.

18.  Beginning in approximately February 2015, Defendant allowed its employees, including co-workers of Mr. Collins to routinely use the word "nigger" around Mr. Collins.

19.  In late 2017 or early 2018 Eric Chapman was replaced by Dane Werner and Mr. Collins had a new supervisor, thus marginally improving Mr. Collins' work conditions for a time.

20.  When Mr. Collins began asserting himself by pointing out work problems and proposing solutions to those problems, Dane Werner (hereinafter "Werner") began denigrating Mr. Collins on the basis of his race, including, but not limited to, calling him "lazy" and cursing at him.

21.  Werner did not treat white employees in the same manner as he treated Mr. Collins.

22.  Throughout 2018 and 2019, the denigration and unfair treatment continued, as Defendant excluded Mr. Collins from employee events.

23.  While enduring Defendant's continuing discriminatory conduct, in 2018 and 2019, Mr. Collins called Defendant's "Ethics Hotline" to report racial discrimination.

24.  Defendant failed to adequately investigate Mr. Collins' reports of racial discrimination.

25.  On or about August 13, 2019, Defendant fired Mr. Collins.

26.  Defendant's action in firing Mr. Collins was in retaliation for Mr. Collins' reports of racial discrimination and hostile work environment.

27.  Mr. Collins' race was a motivating factor in Defendant's decision to fire Mr. Collins.

## COUNT I – RACIAL DISCRIMINATION

28.  Mr. Collins hereby incorporates each and every previous allegation of this petition.

29.  The MHRA, as codified in Chapter 213, RSMo., prohibits unlawful, discriminatory employment practices.

30.  Defendant subjected Mr. Collins to worse, and less desirable, working conditions and allowed use of the word "nigger" in the workplace.

31.  Mr. Collins complained to Defendant about this conduct and requested that it cease and desist.

4

32. Defendant continued to act in an unlawful manner toward Mr. Collins even after his complaints.

33. Defendant's unlawful conduct increased and worsened after Mr. Collins complained.

34. Defendant failed to adequately investigate Mr. Collins' complaints.

35. Defendant failed to take action to stop unlawful conduct directed toward Mr. Collins.

36. Mr. Collins' race was a factor in Defendant's treatment of him.

37. Defendant subjected Mr. Collins to race discrimination and created a hostile work environment in violation of the MHRA, Section 213.055, RSMo and by engaging in one of more of the following actions:

(a) Allowing supervisors to use racial slurs in the workplace;

(b) Giving Mr. Collins negative performance evaluations based on his race;

(c) Calling Mr. Collins lazy and cursing at him;

(d) Excluding Mr. Collins from employee functions and events;

(e) Treating Mr. Collins differently than white employees;

(f) Failing to adequately investigate Mr. Collins' complaints of unlawful conduct;

(g) Failing to stop the unlawful conduct after Mr. Collins' complaints;

(h) Treating Mr. Collins worse after he made complaints about the unlawful conduct.

(i) Terminating Mr. Collins' employment.

38. Mr. Collins' race was a factor in Defendant's decisions to engage in the

5

conduct described above.

39. As a result of Defendant's conduct and actions, Mr. Collins was subjected to less favorable terms and conditions of employment than white employees.

40. As a result of Defendant's conduct and actions, Mr. Collins suffered emotional distress and mental anguish.

41. As a result of Defendant's conduct and actions, Mr. Collins has incurred attorney fees and costs of litigation, and will continue to incur such fees and costs.

42. Defendant's conduct was outrageous because of evil motive or reckless indifference to Mr. Collins' rights not to be subjected to race discrimination and a hostile work environment and Defendant's outrageous conduct warrants an award of punitive damages to deter Defendant and others from engaging in such future conduct.

WHEREFORE,  Plaintiff Christopher Collins, respectfully requests that the Court enter Judgment in his favor on his count for racial discrimination, in excess of $25,000.00 and award him: (a) lost wages and lost benefits; (b) damages for embarrassment, humiliation, damage to reputation, emotional distress; (c) punitive damages in an amount sufficient to deter Defendant and others from like conduct; (d) attorney fees and costs; (e) pre-judgment interest; and (f) such other and further relief as the Court deems just and appropriate.

## COUNT II – RETALIATION

43. Plaintiff, Christopher Collins ("Mr. Collins"), hereby incorporates each and every previous allegation of this petition.

6

44. Mr. Collins complained to defendant about racial discrimination in the workplace and requested that it cease and desist, including, but not limited to, calling the Ethics Hotline and making a complaint.

45. Defendant continued to act in an unlawful manner toward Mr. Collins even after his complaints.

46. Defendant's unlawful conduct increased and worsened after Mr. Collins complained.

47. Defendant failed to adequately investigate Mr. Collins' complaints.

48. Defendant failed to take action to stop Mr. Collins' supervisors' conduct toward Mr. Collins.

49. Mr. Collins' race and complaints of racial discrimination were factors in Defendant's treatment of him.

50. Defendant subjected Mr. Collins to retaliation in violation of the MHRA, Section 213.055, RSMo and by engaging in one of more of the following actions:

(a) Excluding him from employee functions and events;

(b) Treating him differently than white employees;

(c) Failing to adequately investigate his complaints of unlawful conduct;

(d) Failing to stop the unlawful conduct after his complaints;

(e) Treating him worse after he made complaints about the unlawful conduct.

(f) Terminating his employment.

51. Mr. Collins' complaints about racial discrimination were factors in Defendant's decisions to engage in the conduct described above.

52. As a result of Defendant's conduct and actions, Mr. Collins was subjected to less favorable terms and conditions of employment than white employees.

53. As a result of Defendant's conduct and actions, Mr. Collins suffered emotional distress and mental anguish.

54. As a result of Defendant's conduct and actions, Mr. Collins has incurred attorney fees and costs of litigation, and will continue to incur such fees and costs.

55. Defendant's conduct was outrageous because of evil motive or reckless indifference to Mr. Collins' rights not to be subjected to retaliation and Defendant's outrageous conduct warrants an award of punitive damages to deter the employer and others from engaging in such future conduct.

WHEREFORE, Plaintiff Christopher Collins, respectfully requests that the Court enter Judgment in his favor on his count for retaliation, in excess of $25,000.00 and award him: (a) lost wages and lost benefits; (b) damages for embarrassment, humiliation, damage to reputation, emotional distress; (c) punitive damages in an amount sufficient to deter Defendant and others from like conduct; (d) attorney fees and costs; (e) pre-judgment interest; and (f) such other and further relief as the Court deems just and appropriate.

## JURY TRIAL

Plaintiff hereby requests a trial by jury on each and every count of this Petition.

Respectfully submitted,

Electronically Filed - New Madrid - June 22, 2021 - 10:59 AM

*/s/ LAURA CLUBB /s/*

_____

LAURA CLUBB
Mo. Bar No. 47704

*/s/ JOHN P. CLUBB /s/*

_____

JOHN P. ("J.P.") CLUBB
Mo. Bar No. 51787
THE CLUBB LAW FIRM, LLC
718 Caruthers
Cape Girardeau, MO 63701
Tel. (573) 651-1900
Fax (573) 651-1902
Attorneys for Plaintiff

Electronically Filed - New Madrid - June 22, 2021 - 10:59 AM

Case Number (For Court Use Only): **21NM-CV00349**

# CONFIDENTIAL CASE FILING INFORMATION SHEET – NON-DOMESTIC RELATIONS

**INSTRUCTIONS:**
- ✓ Complete this form for all parties known at the time of filing. Provide the most appropriate Case Type and Party Type codes and descriptions. (Found on the Case Types List and Party Types List at www.courts.mo.gov on the Court Forms/Filing Information page.)
- ✓ If additional space is needed, complete additional Confidential Case Filing Information Sheets.

**NOTE:** The **full** Social Security Number (SSN) is **required** pursuant to Missouri Supreme Court Operating Rule 4.07 if the party is a person and is reasonably available. This is a confidential document. This information is needed to open a case in the court's case management system. While cases deemed public under Missouri statutes can be accessed through Case.net, the day and month of birth, SSN, and confidential addresses are NOT provided to the public through Case.net.

Filing Date: 6/18/21      County/City of St. Louis: New Madrid

Style of Case: Collins v. Agrium U.S. Inc.
(i.e. In the Estate of; In the Matter of; Petitioner v. Respondent.)

Case Type Code: TJ    Case Type Description: Employment Discrimination

---

Party Type Code: PLT    Party Type Description: Plaintiff
Name (if a person): (Last) Collins   (First) Christopher   (Middle) ____
Organization (if non-person): ____
Address: 723 Taylor
City: Sikeston    State: MO    Zip: 63801    Contact Telephone Number: ____
DOB/DOD: 04/08/1969    Gender: ☑ Male ☐ Female    SSN: 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
Attorney Name (if represented by counsel): John P Clubb    Bar ID: 51787    Party Type Code: PLT

---

Party Type Code: DFT    Party Type Description: Defendant
Name (if a person): (Last) ____   (First) ____   (Middle) ____
Organization (if non-person): AGRIUM U.S. Inc.
Address: 5296 Harvest Lake Dr..
City: Loveland    State: CO    Zip: 80538    Contact Telephone Number: ____
DOB/DOD: ____    Gender: ☐ Male ☐ Female    SSN: ____
Attorney Name (if represented by counsel): ____    Bar ID: ____    Party Type Code: ____

---

Party Type Code: ____    Party Type Description: ____
Name (if a person): (Last) ____   (First) ____   (Middle) ____
Organization (if non-person): ____
Address: ____
City: ____    State: ____    Zip: ____    Contact Telephone Number: ____
DOB/DOD: ____    Gender: ☐ Male ☐ Female    SSN: ____
Attorney Name (if represented by counsel): ____    Bar ID: ____    Party Type Code: ____

---

Submitted by: JOHN P. CLUBB    Bar ID (required if attorney): 51787
Address (if not shown above): 718 Caruthers
City: Cape Girardeau    State: MO    Zip: 63701
Phone: 573-651-1900    Email Address: jpclubb@theclubblawfirm.com

*IMPORTANT: It is the parties' responsibility to keep the court informed of any change of address or employment.*

OSCA (05-13) FI-05